UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. BLAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.D. BITER, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00933-BAM (PC)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 19)<br><br>THIRTY-DAY DEADLINE |

### I.　　Screening Requirement and Standard

Plaintiff Ricky L. Bland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 23, 2017, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 14.) Plaintiff's first amended complaint, filed on July 21, 2017 is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Ironwood State Prison. The events in the first amended complaint are alleged to have occurred at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff names the following defendants: (1) Dr. Ogbuehi; (2) Dr. Sao: (3) Chief Executive Officer K. Brown; (4) Chief Doctor M. Spaeth; (5) Dr. L. Ruslan; (6) Dr. Patel; (7) Dr. Lewis; (8) Deputy Medical Executive Management Jane/John Doe; (9) Deputy Warden M.D. Biter; and (1) Commissioner John Doe.

Claim 1

In Claim 1, Plaintiff alleges as follows:

On 7-29-2015 plaintiff needed his diabetic supplies for his Glucometer to check his blood sugar levels as well as his pain medication. Plaintiff submitted a CDCR 7362 Form. Plaintiff then saw a-clinic RN Nurse on 8-3-2015. On 8-4-2015 plaintiff saw "Doctor Ogbuehi, C' During the interview Ogbuehi stated [that] he saw no evidence of plaintiff ever having Typ[e] 2 or prediabetes. Doctor Ogbuehi then rescind plaintiff Glucometer (mobility vest) (cane) (DNM) (orthotic boots) (asthma kit). Plaintiff was denied a MRI test. Plaintiff has a history of lower back [and] hip pain [and] left shoulder pain. Defendant (B) Doctor Sao, J failed to treat or acknowledged [sic] plaintiff disability. Defendant (C) Chief Executive Officer Doctor Brown, K failed to [acknowledge] that plaintiff needed medical care and failed to insure him adequate medical treatment.

2

Defendant (D) Spaeth, M Doctor also failed to insure plaintiff received adequate medical care.

(ECF No. 19, pp. 3, 5.)

Claim 2

In Claim 2, Plaintiff alleges as follows:

Plaintiff had shown all primary care providers documents of plaintiff disability. Plaintiff submitted several sick call forms as well as a CDCR 602. Doctors didn't treat plaintiff for any medical problem. It took months after writing a CDCR 602 and filing this suit in 2016 when plaintiff ask for an MRI to see what was causing him so much pain he was denied when he asked for his pain meds he was denied. From 1999 plaintiff was diagnos[ed] with Typ[e] 2 Diabetes. Doctor Sao never did a examination on plaintiff he just ask did I want to add anything to my 602. I stated no at that time the interview was over. Doctor Sao then took a 2007 MRI as a way to deny plaintiff a new MRI to see if it repeatedly describe plaintiff lumbar spine as mild. Neither of these doctors had cause to deny me a MRI to if my nerves are damage or to find out what was the cause of my lower back pain. Due to the law I have a right to medical care. Plaintiff was denied one year until[] the defendants found out that they were being sued is when plaintiff started to receive[] care.

(ECF No. 19 at pp. 5-6.)

As relief, Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding in pro se, he will be given a final opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims.

#### A. Pleading Standards

##### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57.

Here, Plaintiff's complaint is short, but fails to set forth sufficient factual matter to state a claim for relief. Plaintiff will be given leave to cure this deficiency, and any amended complaint should briefly state what happened, when it happened and who was involved.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to clearly link Defendants K. Brown, Dr. M. Spaeth, Dr. L. Ruslan, Dr. Patel, Dr. Lewis, Deputy Medical Executive Management Jane/John Doe, Deputy Warden M.D. Biter; and Commissioner John Doe to his claims. Plaintiff may not simply assert in a conclusory fashion that these defendants violated his rights. In any amended complaint, Plaintiff must allege what each of these defendants did or did not do that resulted in a violation of his constitutional rights.

### 3. Supervisory Liability

To the extent Plaintiff seeks to hold Warden Doe, Deputy Warden Biter and Commissioner Doe (or any other defendant) liable based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their

4

subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord Lemire v. Cal. Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff does not allege that any supervisory defendants were personally involved in any constitutional deprivation. Further, Plaintiff fails to identify any policy sufficient to impose liability against any supervisory defendants.

### B. Legal Standards

#### 1. Eighth Amendment – Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons., 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk

5

of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations against Defendants Drs. Ogbuehi and Sao are insufficient to state a claim for deliberate indifference to serious medical needs. To the extent Plaintiff disagrees with the diagnoses and treatment decisions of Drs. Ogbuehi and Sao, a "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. State of Or., State Welf. Div., 662 F.2d 1337, 1344 (9th Cir. 1981). To state a claim under these conditions requires the plaintiff to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff fails to set forth sufficient factual allegations to establish that the course of treatment chosen by Drs. Ogbuehi and Sao was medically unacceptable under the circumstances. Plaintiff's conclusory allegations of deliberate indifference are not sufficient.

Further, it appears that Plaintiff has omitted facts and exhibits included with his original complaint that suggest he did not have a serious medical need related to his diabetes and lower back. Plaintiff is cautioned that he may not simply omit facts in order to state a cognizable claim.

### 2. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Vill., 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

///

///

**IV. Conclusion and Order**

Plaintiff fails to state a cognizable claim upon which relief may be granted. The Court will grant Plaintiff **a final opportunity** to cure the identified deficiencies to the extent he can do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's first amended complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated: **October 6, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE