# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. BLAND,<br><br>        Plaintiff,<br><br>    v.<br><br>M.D. BITER, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00933-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 20, 22)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

    Plaintiff Ricky L. Bland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On October 6, 2017, the Court issued a screening order dismissing Plaintiff's first amended complaint with leave to amend within thirty (30) days. (ECF No. 20.) The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in this action being dismissed for failure to obey a court order and failure to state a claim. (Id. at 7.) On October 10, 2017, Plaintiff filed a notice of change of

1

address. (ECF No. 20.) Pursuant to that notice, the Clerk of the Court re-served the October 6, 2017 screening order and the Court extended the deadline for Plaintiff to file a second amended complaint. (ECF No. 22.) The Court again expressly warned Plaintiff that the failure to comply with the order would result in the dismissal of this action for failure to obey a court order and failure to state a claim. (Id. at 2.) Plaintiff's second amended complaint was due on or before December 19, 2017. Plaintiff has failed to file an amended complaint or otherwise respond to the Court's order.

**II.     Failure to State a Claim**

     **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B.      Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison ("KVSP") in Delano, California, where the events in the first amended complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Dr. Ogbuehi; (2) Dr. Sao: (3) Chief Executive Officer K. Brown; (4) Chief Doctor M. Spaeth; (5) Dr. L. Ruslan; (6) Dr. Patel; (7) Dr. Lewis; (8) Deputy Medical Executive Management Jane/John Doe; (9) Deputy Warden M.D. Biter; and (10) Commissioner John Doe.

Claim 1

In Claim 1, Plaintiff alleges as follows:

> On 7-29-2015 plaintiff needed his diabetic supplies for his Glucometer to check his blood sugar levels as well as his pain medication. Plaintiff submitted a CDCR 7362 Form. Plaintiff then saw a-clinic RN Nurse on 8-3-2015. On 8-4-2015 plaintiff saw "Doctor Ogbuehi, C' During the interview Ogbuehi stated [that] he saw no evidence of plaintiff ever having Typ[e] 2 or prediabetes. Doctor Ogbuehi then rescind plaintiff Glucometer (mobility vest) (cane) (DNM) (orthotic boots) (asthma kit). Plaintiff was denied a MRI test. Plaintiff has a history of lower back [and] hip pain [and] left shoulder pain. Defendant (B) Doctor Sao, J failed to treat or acknowledged [sic] plaintiff disability. Defendant (C) Chief Executive Officer Doctor Brown, K failed to [acknowledge] that plaintiff needed medical care and failed to insure him adequate medical treatment. Defendant (D) Spaeth, M Doctor also failed to insure plaintiff received adequate medical care.

(ECF No. 19, pp. 3, 5.)

Claim 2

In Claim 2, Plaintiff alleges as follows:

> Plaintiff had shown all primary care providers documents of plaintiff disability. Plaintiff submitted several sick call forms as well as a CDCR 602. Doctors didn't treat plaintiff for any medical problem. It took months after writing a CDCR 602 and filing this suit in 2016 when plaintiff ask for an MRI to see what was causing him so much pain he was denied when he asked for his pain meds he was denied. From 1999 plaintiff was diagnos[ed] with Typ[e] 2 Diabetes. Doctor Sao never did a examination on plaintiff he just ask did I want to add anything to my 602. I stated no at that time the interview was over. Doctor Sao then took a 2007 MRI as a way to deny plaintiff a new MRI to see if it repeatedly describe plaintiff lumbar spine as mild. Neither of these doctors had cause to deny me a MRI to if my nerves are damage or to find out what was the cause of my lower back pain. Due to the law I have a right to medical care. Plaintiff was denied one year until[] the defendants found out that they were being sued is when plaintiff started to receive[] care.

3

(ECF No. 19 at pp. 5–6.)

As relief, Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

**C.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.

**1.    Pleading Standards**

**a.    Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57.

Here, Plaintiff's complaint is short, but fails to set forth sufficient factual matter to state a claim for relief.

**b.    Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to clearly link Defendants K. Brown, Dr. M. Spaeth, Dr. L. Ruslan, Dr. Patel, Dr. Lewis, Deputy Medical Executive Management Jane/John Doe, Deputy Warden M.D. Biter; and Commissioner John Doe to his claims. Plaintiff may not simply assert in a conclusory fashion that these defendants violated his rights.

### c. Supervisory Liability

To the extent Plaintiff seeks to hold Warden Doe, Deputy Warden Biter and Commissioner Doe (or any other defendant) liable based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676−77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff does not allege that any supervisory defendants were personally involved in any constitutional deprivation. Further, Plaintiff fails to identify any policy sufficient to impose liability against any supervisory defendants.

///

///

## 2. Legal Standards

### a. Eighth Amendment – Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons., 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations against Defendants Drs. Ogbuehi and Sao are insufficient to state a claim for deliberate indifference to serious medical needs. To the extent Plaintiff disagrees with the diagnoses and treatment decisions of Drs. Ogbuehi and Sao, a "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. State of Or., State Welf. Div., 662 F.2d 1337, 1344 (9th Cir. 1981). To state a claim under these conditions requires the plaintiff to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff fails to set forth sufficient factual allegations to establish that the course of treatment chosen by Drs. Ogbuehi and Sao was medically unacceptable under the circumstances. Plaintiff's conclusory allegations of deliberate indifference are not sufficient.

///

Further, it appears that Plaintiff has omitted facts and exhibits included with his original complaint that suggest he did not have a serious medical need related to his diabetes and lower back. Plaintiff may not simply omit facts in order to state a cognizable claim.

### b. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Vill., 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.  Discussion**

Here, Plaintiff's second amended complaint is overdue. Despite multiple attempts to communicate with Plaintiff, he has been non-responsive to the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's October 6, 2017 order expressly warned Plaintiff that his failure to file an amended complaint would result in dismissal of this action for failure to obey a court order. (ECF No. 20 at 7.) Plaintiff also was warned of the potential for dismissal by the Court's November 16, 2017 order. (ECF No. 22 at 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

## IV. Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that:

1. This action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A; and

2. This action be dismissed for failure to obey the Court's November 16, 2017 order (ECF No. 22) and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 9, 2018**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE