# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. BLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M.D. BITER, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00933-DAD-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 23)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

**I.　Background**

Plaintiff Ricky L. Bland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.

On October 6, 2017, the Court issued a screening order dismissing Plaintiff's first amended complaint with leave to amend within thirty (30) days. (ECF No. 20.) The Court expressly warned Plaintiff that the failure to file an amended complaint in compliance with the Court's order would result in this action being dismissed for failure to obey a court order and failure to state a claim. (Id. at 7.) On October 10, 2017, Plaintiff filed a notice of change of address to Kern Valley State Prison. (ECF No. 20.) Pursuant to that notice, the Clerk of the Court re-served the October 6, 2017 screening order and the Court extended the deadline for Plaintiff to file a second amended complaint. (ECF No. 22.) The Court again expressly warned

1

Plaintiff that the failure to comply with the order would result in the dismissal of this action for failure to obey a court order and failure to state a claim. (Id. at 2.)

Plaintiff failed to file a second amended complaint and did not comply with or otherwise respond to the Court's October 6, 2017 or November 16, 2017 orders. Accordingly, the Court issued findings and recommendations on January 9, 2018, recommending that this action be dismissed, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF No. 23.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 9.) Plaintiff's objections were therefore due on or before January 26, 2018.

## II.     Plaintiff's Objections

Currently before the Court are Plaintiff's objections, dated January 25, 2018, and filed on February 1, 2018. (ECF No. 24.) Plaintiff requests another opportunity to amend or refile his complaint. Plaintiff further requests appointment of counsel, due to his inability to interpret and understand the Court's order. Plaintiff states that he was previously assisted by other inmates, but he was recently transferred to Ironwood State Prison and therefore no longer has that assistance. Plaintiff states that he is barely learning to read and write and he does not have money to pay someone to assist him. (Id.)

Although Plaintiff has not specifically addressed his inability to respond to the Court's prior orders directing him to file a second amended complaint, the Court nevertheless finds it appropriate to vacate its findings and recommendations. Plaintiff states that he was recently transferred, and therefore no longer has the assistance of inmates at his prior institution. Plaintiff is reminded that, pursuant to Local Rule 182(f), he is obligated to keep the Court informed of his correct current address. In the future, he must file a notice of change of address with the Court whenever he is transferred to a new institution.

## III.    Request for Appointment of Counsel

With respect to Plaintiff's request for appointment of counsel, as Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954

n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed request for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding pro se almost daily. These prisoners also must prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff has not yet filed a second amended complaint, and thus the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

**IV.     Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, (ECF No. 24), is DENIED, without prejudice;
2. The findings and recommendations issued on January 9, 2018, (ECF No. 23), are VACATED;
3. The Clerk's Office shall send Plaintiff a complaint form;

///

3

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

5. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated: **February 5, 2018**　　　　　　　／s／ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE