# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. BLAND, <br><br> Plaintiff, <br><br> v. <br><br> M.D. BITER, et al., <br><br> Defendants. | Case No. 1:16-cv-00933-DAD-BAM (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM <br><br> (ECF No. 27) <br><br> **FOURTEEN (14) DAY DEADLINE** |

### Findings and Recommendations

Plaintiff Ricky L. Bland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On October 6, 2017, the Court issued a screening order dismissing Plaintiff's first amended complaint with leave to amend within thirty (30) days. (ECF No. 20.) Plaintiff's second amended complaint, filed on February 15, 2018, is currently before the Court for screening. (ECF No. 27.)

**A. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

1

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B. Plaintiff's Allegations**

Plaintiff is currently housed at Ironwood State Prison in Blythe, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff seeks compensatory and punitive damages against defendants, Dr. C. Ogbuehi and Dr. M. Spaeth.

In Claim 1, Plaintiff alleges as follows:

> On 8-4-2015 I was seen by Dr. Ogbuehi, C so that I could renew my diabetic supplies for my glucometer. I also have lower back pain hi and shoulder pain. And had medication for it that needed to be renewed[.] After reviewing my case, Dr. Ogbuehi, C stated that nothing is wrong with you and cancelled all plaintiff medication. Glucometer mobility vest cane plaintiff CDCR 7410 and 1845 Form. He did this without conducting any test to determine if I needed medication. I have sence [sic] been put back on all my medication. Dr. Ogbuehi, C put my health in serious danger when he cancelled my meds without issuing a 1856 Form explaining his action.

(ECF No. 27 at pp. 3-4.)

In Claim 2, Plaintiff alleges as follows:

> Around August 2015 I saw Chief Medical Officer Dr Spaeth. M she called me to CTC and told me that a lawyer had contacted her from the state and said Dr Ogbuehi, C. did sign the 1845 Form as to why he chang[ed] my previous diagnosis and that the lawyer asked if I would accept $25,000.00 for this mistake I just need you to sign off on this CDCR 602. I refused Dr. Spaeth lied in order to deny me due process

(ECF No. 27 at p. 4.)

Plaintiff forwards claims for violation of his Sixth and Eighth Amendment rights.

**C.  Discussion**

Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.

**1.  Pleading Standards**

**a.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57.

Here, Plaintiff's complaint is short, but is not a plain statement of his claims. Plaintiff omits sufficient factual matter necessary to state a claim for relief. Despite being notified of the relevant pleading standard, Plaintiff has been unable to cure this deficiency.

**2.  Legal Standards**

**a.  Eighth Amendment – Deliberate Indifference**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons., 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations against Defendant Ogbuehi are insufficient to state a claim for deliberate indifference to serious medical needs. Plaintiff merely complains of a difference of opinion and to the extent Plaintiff disagrees with the diagnoses and treatment decisions of Dr. Ogbuehi, a "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. State of Or., State Welf. Div., 662 F.2d 1337, 1344 (9th Cir. 1981). To state a claim under these conditions requires the plaintiff to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff fails to set forth sufficient factual allegations to establish that the course of treatment chosen by Dr. Ogbuehi was medically unacceptable under the circumstances. Plaintiff's conclusory allegations of deliberate indifference are not sufficient. However, even if Dr. Ogbuehi improperly cancelled Plaintiff's medications, there is no indication from Plaintiff's second amended complaint that he suffered any harm from the temporary cancellation. Plaintiff admits that his medications were restored.

Plaintiff's allegations against Defendant Spaeth also are insufficient to state a claim for deliberate indifference to serious medical needs. There is no indication that Defendant Spaeth

either provided or denied Plaintiff any medical treatment or medications. Instead, Plaintiff's allegations suggest that Defendant Spaeth was merely relaying information from an attorney.

To the extent that Plaintiff is attempting to impose liability against Defendant Spaeth based on her supervisory position as Chief Medical Officer, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676−77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff does not allege that Defendant Spaeth was personally involved in the temporary cessation of Plaintiff's medication by Defendant Ogbuehi. Although Plaintiff's complaint suggests that Defendant Spaeth learned of Defendant Ogbuehi's alleged decision to cease Plaintiff's medications, there is no indication that Defendant Spaeth failed to take any action to restore Plaintiff's medications or that she even learned of the alleged denial before the medications were resumed. Further, Plaintiff fails to identify any policy sufficient to impose liability against any supervisory defendant.

### b. Sixth Amendment

The nature of Plaintiff's claim for violation of the Sixth Amendment is unclear. Regardless, the Sixth Amendment only guarantees an accused certain rights related to a criminal

5

prosecution. U.S. Const. Amend. VI; see Wilson v. Beard, No. 2:15–CV–01481–AC P, 2017 WL 1650631, at *3 (E.D. Cal. May 2, 2017) (Sixth Amendment inapplicable to prisoner suits based on conditions of confinement). Plaintiff's allegations concerning his medications do not implicate the Sixth Amendment.

### D. Conclusion and Recommendation

Plaintiff's second complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal and pleading standards, along with multiple opportunities to amend, Plaintiff has been unable to cure the deficiencies in his complaint, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 13, 2018**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE